IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

NASER S. MARAR and DEBRA R. MARAR )
)
)
v. ) NO. 3:15-1070
)
THE COTTAGES OF LAVERGNE 2000 )
HOA, INC. and GHERTNER & CO. )

TO: Honorable Todd J. Campbell, District Judge

# REPORT AND RECOMMENDATION

By Order entered October 6, 2015 (Docket Entry No. 2), the Court referred this action to the Magistrate Judge, pursuant to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636, to enter a scheduling order for management of the case and to dispose or recommend disposition of any pre-trial motions.

Presently pending before the Court is the motion to dismiss (Docket Entry No. 56) filed by The Cottages of LaVergne 2000 Homeowners Association, Inc., and Ghertner and Company, to which Plaintiffs have responded in opposition. *See* Docket Entry Nos. 60-61. Set out below is the Court's recommendation for disposition of the motion.

## I. BACKGROUND

Naser S. Marar and Debra R. Marar (hereafter referred to as "the Marars" or "Plaintiffs") are a husband and wife who own and reside in a townhome located at 6011 Sagi Circle in La Vergne, Tennessee. The townhome is part of The Cottages of LaVergne 2000 Homeowners Association, Inc. ("the HOA"). Ghertner and Company ("Ghertner") is a property management company with which the HOA has apparently contracted to manage properties that are in the HOA and to perform certain duties related to the properties and common areas. In an Amended Complaint (Docket Entry No. 46) that is 60 pages long and is supplemented by hundreds of pages of documents, e-mails, letters, and

other materials, *see* Docket Entry Nos 46-1, 46-2, and 53-1 to 53-22, Plaintiffs claim that they have been treated unfairly and have encountered national origin[1] discrimination at the hands of the HOA and Ghertner (hereinafter referred to collectively as "Defendants).

Plaintiffs allege that they first encountered this discrimination when, as prospective tenants and home buyers in 2012 and early 2013, they were directed to a less favorable property by an agent of Defendant Ghertner and were given incorrect information and not given documents they requested by Defendants' agents. *See* Amended Complaint at 8-10. They allege that, after purchasing the townhome in February 2013, several events occurred that were acts of discrimination: 1) Mr. Marar was prevented from becoming a member of the HOA board of directors and he witnessed members of the HOA board of directors make disparaging comments and gestures about Mr. Marar at a board meeting;[2] 2) services such as wasp removal, repair, and maintenance were not provided in a timely manner or in a manner similar to other members of the HOA; and 3) they were denied copies of HOA records. *Id*. at 11-17. Plaintiffs filed two administrative complaints regarding these events: 1) a complaint with the Tennessee Consumer Protection Agency, filed in November 2013 ("TCPA Complaint"); and 2) a dual complaint with the U.S. Department of Housing and Urban Development and the Tennessee Human Rights Commission ("THRC"), filed in May 2014 ("HUD Complaint I"). *Id*. at 17-19; Docket Entry No. 46-2 at 29-32. Plaintiffs and Ghertner entered into a Conciliation Agreement on October 7, 2014, to resolve the HUD Complaint. *See* Docket Entry No. 46-2 at 34-38.

Plaintiffs allege that Defendants violated the terms of the Conciliation Agreement shortly after it was executed and that they continue to violate the agreement. *Id*. at 20 and 45-47. Plaintiffs further allege that they have been retaliated against for pursuing their HUD Complaint by acts similar

---

[1] Mr. Marar asserts that he is from Jordan. *See* Amended Complaint at 11. Mrs. Marar appears to have been born in the United States of America. *Id*. at 36, and Docket Entry No. 61 at 11.

[2] Mr. Marar alleges that he read Patrick Crow's lips to say the word "camel" and that John Kidd "made body language of dislike by twisting lips and raising-up one cheek." *See* Amended Complaint at 12.

in kind to the prior alleged acts of discrimination, *id* at 23-28, and that Defendants colluded with the THRC and HUD officials to ensure the mishandling of their complaints. *Id*. at 44 and 53-56. Finally, Plaintiffs allege that Defendants have violated the provisions of the Covenants, Conditions, and Restrictions ("CCR") applicable to the HOA and/or the HOA's own rules and regulations, and have engaged in fraud and embezzlement of HOA funds. In the summer of 2015, Plaintiff filed a second administrative complaint ("HUD Complaint II") based upon these events. *Id*. at 57-73 and 79-108.

Although it is not entirely clear, it appears that Plaintiffs withdrew the HUD Complaint II after filing this *pro se* lawsuit on October 6, 2015, against the HOA, Ghertner, and eleven individuals.[3] Plaintiffs subsequently amended their complaint to remove the individually named defendants, as well as to remove their son, Nasser A. Marar, as a named plaintiff. *See* Amended Complaint, and Order entered December 22, 2015 (Docket Entry No. 47). Plaintiffs set out the following claims:

> 1. claims for violations of 42 U.S.C. §§ 3604, 3613, 3617, and 3631 of the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601 *et seq*., based on the alleged breach of the Conciliation Agreement, and for discrimination, retaliation, intimidation, and humiliation;
>
> 2. a claim brought under 42 U.S.C. § 1983 for violations of Plaintiffs' constitutional rights;
>
> 3. a claim for fraud, mishandling, and embezzlement of the HOA funds ; and
>
> 4. a claim for "collusion" based on Plaintiffs' belief that the agents of the THRC and HUD showed favoritism toward Defendants by mishandling Plaintiffs' complaints, the investigations, and the Conciliation Agreement.

*See* Amended Complaint at 1. As relief, Plaintiffs seek: 1) damages; 2) various forms of injunctive relief; and 3) for the Conciliation Agreement "to remain enforced as written," for a copy of the Conciliation Agreement to be sent to HUD to follow up on Defendants' compliance, and to extend the expiration date of the Conciliation Agreement to 2030. *Id*. at 2-5. Plaintiffs also request that Mrs. Marar be recognized as "partner and half owner" of the town home entitled to receive the same

---

[3] *See* Docket Entry No. 46-2 at 41.

damages as Mr. Marar and that the Court "look into" the individual and collective responsibility of 12 individuals. *Id.* at 4-6.

Defendants seek dismissal of Plaintiffs' Amended Complaint on several grounds. *See* Memorandum in Support of Motion to Dismiss (Docket Entry No. 57). Initially, Defendants argue that the Amended Complaint is not a short and plain statement of their claims and, thus, does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.[4] Defendants argue that they are private organizations who have not acted under color of state law for the purposes of Plaintiffs' claim under 42 U.S.C. § 1983. With respect to Plaintiffs' FHA claims, Defendants assert that: 1) any claim brought by Plaintiffs as prospective tenants and prospective home buyers is barred by the applicable statute of limitations; 2) there is no private right of action under 42 U.S.C. § 3631; 3) any claim brought under 42 U.S.C. § 3613 must be dismissed because Plaintiffs cannot recover damages under this provision and do not seek enforcement of the Conciliation Agreement; 4) Plaintiffs' allegations, even if taken as true, do not support a discrimination claim under 42 U.S.C. § 3604 because the FHA does not apply to conduct occurring after a party has access to housing and because Plaintiffs have not pled sufficient facts demonstrating that Defendants engaged in acts that were motivated by animus towards Plaintiffs' national origin; and 5) Plaintiff's allegations, even if taken as true, do not support a claim for retaliation under 42 U.S.C. § 3617. Finally, Defendants argue that the Court should decline to exercise supplemental jurisdiction over Plaintiffs' state law claims of fraud, mishandling and embezzlement of HOA funds, breach of HOA governing documents, and collusion with the THRC and HUD, claims which Defendants further argue are not sufficiently pled.

## II. STANDARD OF REVIEW

Defendants' motion to dismiss filed under Rule 12(b)(6) is reviewed under the standard that the Court must accept all of the well pleaded allegations contained in the complaint as true, resolve

---

[4] All references to "Rule" in this Report shall mean the Federal Rules of Civil Procedure.

all doubts in Plaintiffs' favor, and construe the complaint liberally in favor of the *pro se* Plaintiffs. *See Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). However, although Plaintiffs' pleadings need not contain detailed factual allegations, Plaintiffs must provide the grounds for their entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

Plaintiffs' factual allegations must be enough to show a plausible right to relief. *Twombly*, 550 U.S. at 555-61. This requires more than bare assertions of legal conclusions and Plaintiffs' complaint must contain either direct or inferential factual allegations that are sufficient to sustain a recovery under some viable legal theory. *Id.*; *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

### III. CONCLUSION[5]

A. Compliance with Rule 8

Defendants argue that the Amended Complaint should be dismissed for failure to comply with Rule 8(a)(2)'s requirement that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Defendants' Memorandum at 6-8. Although the

---

[5] In reviewing Defendants' motion to dismiss, the Court has not excluded from consideration the various documents submitted by the parties. The documents were either attached to Plaintiffs's pleadings or are referred to by Plaintiffs and are central to their claims. *See* Rule 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Gardner v. Quicken Loans, Inc.*, 567 Fed.App'x 362, 364–65 (6th Cir. June 2, 2014) (a court may consider any document not formally incorporated by reference or attached to the complaint as part of the pleadings if the document is referred to in the complaint and is central to the plaintiff's claim.); *Okolo v. Metropolitan Gov't of Nashville and Davidson County*, 892 F.Supp.2d 931, 946 n.5 (M.D. Tenn. 2012).

Court agrees with Defendants' central premise that the manner in which Plaintiffs' lengthy Amended Complaint is drafted makes it difficult to follow and somewhat difficult to ascertain Plaintiff's legal claims, the pleading is not unintelligible or filled with disjointed legal phrases and jargon. Further, the Amended Complaint is certainly not devoid of specific factual allegations that are directed at Defendants, and Defendants are clearly on fair notice of the factual allegations and legal claims made against them. Given the liberality that is to be afforded to the construction of *pro se* pleadings, *see Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the Court declines to dismiss the Amended Complaint on the basis of Rule 8(a)(2).[6]

With that said, the Court notes that Plaintiffs have attached to their Amended Complaint hundreds of pages of documents with the general reference "see attachments and exhibits." Attaching documents in this manner in no way cures any deficiencies in the Amended Complaint concerning Plaintiffs' allegations or claims. While such documents may be relevant and may be used at a later time as evidentiary support by Plaintiffs for their claims, the Court has no obligation to read and sift through the massive number of documents filed by Plaintiffs in order to determine whether Plaintiffs have stated claims for relief that survive Defendants' motion to dismiss.

B. Claim under 42 U.S.C. § 1983

Plaintiffs allege that Defendants violated their constitutional rights and bring a claim under 42 U.S.C. § 1983. *See* Amended Complaint at 1 and 36. Section 1983 does not create substantive rights, but merely provides "a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). To state a claim under Section 1983, Plaintiffs must allege facts showing, 1) the violation of a right secured by the Constitution and laws of the United States, and, 2) that the alleged violation was committed by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729, 56

---

[6] The Amended Complaint also does not comply with Rule 8(a)(1)'s requirement that the pleading contain a short and plain statement of the Court's jurisdiction. However, the Court has liberally construed it to assert federal question jurisdiction under 28 U.S.C. § 1331.

L.Ed.2d 185 (1978). The law is clear that, in the absence of facts supporting the color of state law requirement, "[a] plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003). Defendants in this case are private actors, and are alleged to have acted in that capacity during the events at issue. Although Plaintiffs allege that Defendants "colluded" with agents of the THRC and HUD to delay or mishandle the investigation of Plaintiffs complaints to those agencies, these allegations are based upon conjecture and speculation by Plaintiffs, and Plaintiff's factual allegations fail to show a plausible claim that any conduct on the part of Defendants and any alleged infringement of Plaintiffs' constitutional rights is "fairly attributable to the state." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 947, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). Plaintiffs' claim under 42 U.S.C. § 1983 should be dismissed for failure to state a claim for relief.

C. FHA Claims

Plaintiffs bring claims under 42 U.S.C. §§ 3604, 3613, 3617, and 3631 of the FHA. Although they assert that Defendants have breached the Conciliation Agreement and have caused Plaintiffs to suffer discrimination, retaliation, intimidation, and humiliation, it is difficult to ascertain from the Amended Complaint exactly which actions are alleged to violate any particular FHA provision. Nonetheless, the Court has attempted to ferret out Plaintiffs' claims and determine whether their allegations support claims for relief that survive the motion to dismiss.

Any claim under 42 U.S.C. § 3631 is readily dismissed. This statute provides for criminal penalties for violations of the FHA and does not create a private cause of action. Accordingly, Plaintiffs do not state a claim for relief under this statutory provision.

Plaintiffs' claim under 42 U.S.C. § 3604 is also subject to dismissal. The FHA, broadly speaking, prohibits discrimination in the sale or rental of housing and in the provision of housing services or facilities because of race, color, religion, sex, familial status, or national origin. *See Hollis v. Chestnut Bend Homeowners Ass'n*, 760 F.3d 531, 537 (6th Cir. 2014). Under Section 3604,

it is unlawful to "refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin," 42 U.S.C. § 3604(a), or to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b).[7]

Plaintiffs contend that Section 3604 was violated based upon events occurring in 2012 when they were prospective tenants. S*ee* Docket Entry No. 46 at 8-9. However, the FHA provides a two year statute of limitations for a plaintiff to file a complaint after the "occurrence or termination of an alleged discriminatory housing practice ... whichever occurs last." 42 U.S.C. § 3613(a)(1)(A). Plaintiff's claim is time-barred because the acts occurred more than two years prior to the filing of Plaintiffs' lawsuit in October 2015. Although Plaintiffs argue that a six year statute of limitations under Tennessee law applies, *see* Docket Entry No. 61 at 2, the FHA claims are controlled by the specific statute of limitations set out in the FHA, not by a state law statute of limitations. Plaintiffs also allege events occurring in January and February of 2013, when they were prospective home buyers, s*ee* Amended Complaint at 9-10, but they do not contend that these events violated the FHA, as they do with the events occurring in 2012. *Id.* at 8 and 36. Thus, the Court does not view the Amended Complaint as asserting a FHA claim based upon acts occurring when Plaintiffs were prospective home buyers. Regardless, any claim under the FHA based upon these events would likewise be untimely under the FHA's two year statute of limitations.

To the extent that Plaintiffs attempt to assert a claim under Section 3604 based upon the alleged discriminatory acts that formed the basis of their HUD Complaint, which culminated in the Conciliation Agreement, they are barred by 42 U.S.C. § 3613(a)(2) from bringing an action based upon these acts. Section 3613(a)(2) provides that "[a]n aggrieved person may commence a civil

---

[7] Although Plaintiffs fail to refer to any particular subsection of Section 3604, *see* Amended Complaint at 1, Sections 3604(a) and 3604(b) are the only subsections that plausibly apply to this action.

8

action under this subsection whether or not a complaint has been filed under section 3610(a) of this title and without regard to the status of any such complaint, but if the Secretary or a State or local agency has obtained a conciliation agreement with the consent of an aggrieved person, no action may be filed under this subsection by such aggrieved person with respect to the alleged discriminatory housing practice which forms the basis for such complaint except for the purpose of enforcing the terms of such an agreement."[8]

Nonetheless, the Court disagrees with Defendants' argument that the Amended Complaint fails to seek enforcement of the Conciliation Agreement under 42 U.S.C. § 3613. S*ee* Memorandum in Support at 11-13. Section 3613 provides for the enforcement of certain FHA rights by private parties and sets out the procedural parameters of such enforcement. Plaintiff's prayer for relief specifically requests that Defendants be ordered "to comply with" the Conciliation Agreement and for the Conciliation Agreement "to remain enforced as written." *See* Amended Complaint at 2-3. This language is sufficient to indicate that Plaintiffs do not seek only damages under the FHA, but also seek enforcement of the Conciliation Agreement. Accordingly, Defendants' argument for dismissal of Plaintiff's enforcement claim under Section 3613 is unpersuasive and fails to support the motion to dismiss.

Plaintiff's final FHA claim is brought under Section 3617, which makes it unlawful "to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section ... 3604." 42 U.S.C. § 3617. Section 3617 provides a "freestanding" claim that is distinct and separate from a claim under Section 3604. *Hidden Vill., LLC v. City of Lakewood, Ohio*, 734 F.3d 519, 528 (6th Cir. 2013). Defendants contend that Plaintiffs fail to state a claim under this provision.

---

[8] Because the Court finds that section 3613(a)(2) prevents Plaintiffs from pursuing a Section 3604 claim based upon the events that supported their HUD claim and led to the Conciliation Agreement, it is not necessary to address the unsettled issue of whether Sections 3604(a) and 3604(b) apply to conduct that occurred subsequent to the sale of the townhouse at issue.

Although Plaintiffs' Amended Complaint does not distinctly set out their Section 3617 claim, they assert that they have suffered "retaliation" and "intimidation" in violation of Section 3617. *See* Amended Complaint at 1. They have also set forth a multitude of specific allegations about events that they contend are acts of retaliation and intimidation against them, as well as some specific events that they contend evidence a discriminatory and retaliatory animus against them. These allegations are not wholly conclusory and are sufficient to support a plausible claim under Section 3617 of the FHA. *See Campbell v. Robb*, 162 Fed.App'x. 460, 473–474 (6th Cir. 2006); *Mich. Prot. & Advocacy Serv. v. Babin*, 18 F.3d 337, 347 (6th Cir. 1994). In this respect, the instant case is distinguishable from *Diggs v. Paragon Management Group, Inc.*, 2014 WL 1302504 (E.D. Tenn. March 28, 2014), which Defendants rely on in support of their argument. The Court is also not persuaded that the law requires Plaintiffs' allegations to show retaliatory or intimidating acts that amount to extreme conduct as argued by Defendants. The law of this Circuit does not require a Section 3617 claim to be based upon a showing of "potent force or duress." *Babin*, 18 F.3d at 347. Although further proceedings in this action may reveal that the litany of contentious events forming the basis for Plaintiffs' lawsuit do not support a FHA claim, the Court cannot make that conclusion at this time in the stance of Defendant's Rule 12(b)(6) motion.

D. State Law Claims

In addition to their federal claims, Plaintiffs allege "fraud, mishandling, and embezzlement" on the part of Defendants, *see* Amended Complaint at 1, and allege that Defendants have violated the CCR and/or the HOA's own rules and regulations. *Id*. at 7. To the extent that Plaintiffs seek to pursue claims sounding in state law based upon these allegations, the Court should decline to exercise supplemental jurisdiction over such claims under 28 U.S.C. § 1367. Although there may be some factual overlap between the state law claims and the federal claims, the state law claims are significantly different than the FHA claims in terms of the applicable law and the relevant facts. Claims of fraud and embezzlement, in particular, have no relation to Plaintiffs' allegations of

unlawful national origin discrimination and tend to show that the state law claims may ultimately substantially predominate over the FHA claims. Additionally, intertwining the proof and arguments necessary for the state law claims with the surviving FHA claims risks creating unnecessary confusion and making this action even more muddled. The Court finds all of these factors to be compelling reasons to decline exercising supplemental jurisdiction over any of Plaintiffs' state law claims.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the motion to dismiss (Docket Entry No. 56) filed by The Cottages of LaVergne 2000 Homeowners Association, Inc., and Ghertner and Company be:

1) GRANTED as to Plaintiffs' claims brought under 42 U.S.C. § 1983, 42 U.S.C. § 3604, and 42 U.S.C. § 3631; and

2) DENIED as to Plaintiffs' claims brought under 42 U.S.C. § 3613 for enforcement of the Conciliation Agreement and under 42 U.S.C. § 3617.

The Court further RECOMMENDS that supplemental jurisdiction over any state law claims brought by Plaintiffs be DECLINED under 28 U.S.C. § 1367(c).

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge