IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

NASER S. MARAR, et al.        )
                              )
v.                            ) NO. 3-15-1070
                              ) JUDGE CAMPBELL
THE COTTAGES OF LAVERGNE      )
2000 HOA, INC., et al         )

ORDER

Pending before the Court are a Report and Recommendation of the Magistrate Judge (Docket No. 70), Objections filed by the Plaintiffs (Docket No. 74), Defendants' Response to Plaintiffs' Objections (Docket No. 77), Defendants' Partial Objection to Report and Recommendation (Docket No. 75) and Plaintiffs' Response to Defendants' Objection (Docket No. 76).

Plaintiffs have also filed, in Docket Nos. 74 and 76, an Objection to the Order at Docket No. 71, a Motion for Extension of Time to Amend Pleading and Objections, and a Motion to Attain (sic) Status.

PLAINTIFFS' OBJECTION TO ORDER NO. 71

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, the Court may reverse or modify an Order of the Magistrate Judge only if it is clearly erroneous or contrary to law. The Court has reviewed Plaintiffs' Objections, Defendants' Response, and the Magistrate Judge's Order. Plaintiffs' Objections are overruled. The Court finds that the ruling of the Magistrate Judge is neither clearly erroneous nor contrary to law.

There is no error in allowing Defendants to file a Reply Memorandum in support of their Motion to Dismiss. The Federal Rules of Civil Procedure and Local Rules of this Court allow Reply Memoranda to be filed. The Court fails to see how the Magistrate Judge's granting of Plaintiffs' Motion to Ascertain Status was clearly erroneous or contrary to law. The Magistrate Judge's

decision to deny Plaintiffs' requested judicial relief is not clearly erroneous or contrary to law because Plaintiffs failed to carry the burden of establishing entitlement to the requested injunctive relief. Finally, Plaintiffs' complaint that the Magistrate Judge did not address many of Plaintiffs' pending Motions is not true, as evidenced by the docket sheet in this case.

For these reasons, Plaintiffs' Objection to the Magistrate Judge's Order found at Docket No. 71 is overruled, and that Order is affirmed.

## PLAINTIFFS' OTHER REQUESTS

Plaintiffs' Motion for Extension of Time to Amend Objections[1] is denied. Plaintiffs have filed 38 pages of objections and 24 pages of response to Defendants' Objections in this case. No additional time shall be granted.

Plaintiffs' Motion to Attain (sic) Status is granted, and the Clerk shall forward to the Plaintiffs a copy of the docket sheet in this case, along with a copy of this Order.

## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(3) and Local Rule 72.03(b)(3), the Court has reviewed *de novo* the Report and Recommendation, the Objections and Responses, and the file. The Objections of the Plaintiffs are overruled, and the Objections of the Defendants are overruled in part and well-taken in part as set forth below. Accordingly, the Report and Recommendation is adopted and approved in part and rejected in part.

Plaintiffs' Objections

---

[1] To the extent Plaintiffs seek additional time to amend their pleadings, that request is governed by the Case Management Order and the scheduling orders of the Magistrate Judge in this case.

The Court notes that the first page of Plaintiffs' Objections states: "Plaintiffs Pro Se do not objection [sic] to specific item(s) in (R&R), but due to appeal rights Plaintiffs find it necessary to object to (R&R)" and "Plaintiffs find it necessary as a matter of law to OBJECT for the purpose to reserve appeal rights" and "Plaintiffs had no reason to object if the Recommendations are acceptable to Defendants without objections." Docket No. 74, p.1. To the extent Plaintiffs disagree with the Report and Recommendation (which is difficult to tell, given that introduction), all Plaintiffs' appellate rights are preserved.

Plaintiffs' objection to the dismissal of their Section 1983 claims is overruled. A person suing under this statute (42 U.S.C. § 1983) must demonstrate that the denial of a constitutional right was caused by a defendant acting under color of state law. *Carl v. Muskegon County*, 763 F.3d 592, 595 (6th Cir. 2014). Defendants are not state actors and were not acting under color of state law.

Plaintiffs' objection to the dismissal of their claims under 42 U.S.C. § 3604 is also overruled. The statute of limitations for bringing a claim under this statute is two years. 42 U.S.C. § 3613. Plaintiffs' claims, pertaining to the purchase of their home, arose in 2012. This action was not filed until October of 2015.

Plaintiffs' objection to the dismissal of their claims under 42 U.S.C. § 3631 is also overruled. That statute provides for criminal penalties and does not create a private right of action.

The Court, in its discretion, may decline to exercise supplemental jurisdiction over Plaintiffs' state law claims. 28 U.S.C. § 1367. The Court agrees with the Magistrate Judge that the state law claims are significantly different from Plaintiffs' federal claims, and declines to exercise supplemental jurisdiction in this case.

<u>Defendants' Objections</u>

Defendants' Objection that Plaintiffs' Amended Complaint should be dismissed for failure to comply with the pleading requirements of the Federal Rules of Civil Procedure is overruled. Although the pleadings of the Plaintiffs are difficult to follow, they do set forth specific facts and specific claims. The ruling of the Magistrate Judge on this issue is affirmed, although the Court repeats the Magistrate Judge's admonition to Plaintiffs that the Court has no obligation to read and sift through the massive numbers of documents filed by Plaintiffs.

Defendants contend that the Court should dismiss Plaintiffs' claims of retaliation under 42 U.S.C. § 3617, and the Court agrees. That statute provides: "It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed . . . any right granted or protected by Section 3603, 3604, 3605 or 3606 of this title." As Defendants point out, Section 3604 is the only one of the four statutes listed which could plausibly be applicable to this case.[2] And, as referenced above, the Magistrate Judge has recommended, and this Court has affirmed, that Plaintiffs' Section 3604 claims should be dismissed.

Accordingly, Defendants' objections concerning Section 3617 are well-taken, and Plaintiffs' claims under 42 U.S.C. § 3617 should be dismissed.[3]

---

[2] Section 3603 provides the effective dates of certain prohibitions under the statute; Section 3605 applies to residential real estate transactions, such as the making of loans and the selling, brokering or appraising of residential real property; and Section 3606 prohibits discrimination in the provision of brokerage services.

[3] In any event, the Court notes that federal courts have held that Section 3604 applies to the availability of a dwelling, not the habitability, *Miller v. City of Knoxville*, 2006 WL 2506229 at * 2 (E.D. Tenn. Aug. 29, 2006) (citing Fifth Circuit and D.C. Circuit cases), and Plaintiffs' claims for retaliation involve conduct after they purchased their home.

Defendants also object to the finding by the Magistrate Judge that Plaintiffs have stated a claim under 42 U.S.C. § 3613 for enforcement of the Conciliation Agreement. Plaintiffs' Amended Complaint asks the Court to order that the Conciliation Agreement be enforced and to extend the expiration date to October 7, 2030. The Conciliation Agreement states that it shall govern the conduct of the parties to it for a period of one year from the effective date thereof, October 7, 2014. Thus, the Conciliation Agreement expired by its own terms on October 7, 2015. The Court will not enforce an agreement which has expired by its own terms. Plaintiffs have not carried their burden to show the need for this extraordinary injunctive relief.

CONCLUSION

For the reasons stated herein:

(1) Plaintiffs' Objection to the Magistrate Judge's Order found at Docket No. 71 is overruled, and that Order is AFFIRMED.

(2) Plaintiffs' Motion for Extension of Time to Amend Objections is DENIED and Plaintiffs' Motion to Attain (sic) Status is GRANTED.

(3) The Objections of the Plaintiff are overruled, and the Objections of the Defendants are overruled in part and well-taken in part. The Report and Recommendation of the Magistrate Judge (Docket No. 70) is adopted and approved in part and rejected in part.

(5) Defendants' Motion to Dismiss (Docket No. 56) is GRANTED.

(6) Plaintiffs' claims brought under 42 U.S.C. §§ 1983, 3604, 3631, 3613 and 3617 are dismissed with prejudice.

(7) The Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367, and those claims are dismissed without prejudice.

(6)     This action is DISMISSED, and the Clerk is directed to close the file.

      IT IS SO ORDERED.

                                                                  _____
                                                                  TODD J. CAMPBELL
                                                                  UNITED STATES DISTRICT JUDGE